**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| MACARIO RINCON, | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action No. 1-22-cv-078 |
| | § | |
| BOBBY LUMPKIN, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Macario Rincon's two nearly identical 28 U.S.C. § 2254 Petitions for Writ of Habeas Corpus (hereinafter, Rincon's "Petition" and "Amended Petition"). Dkt. Nos. 1 and 5. The Court will designate Rincon's Amended Petition as the live pleading in this case because it was filed later in time, and because it contains a specific request for relief, whereas his first Petition does not. *Compare* Dkt. No. 1 at 16 (stating only that Rincon seeks "28 U.S.C. 2254" relief), *with* Dkt. No. 5 at 15 (stating that Rincon seeks a finding that his state court conviction was unconstitutional and a fundamental miscarriage of justice under § 2254). For the ensuing reasons, it is recommended that the Court: (1) **DISMISS** Rincon's Amended Petition without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) **DECLINE** to issue a certificate of appealability.

**I. Jurisdiction**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254, which provide that jurisdiction is proper where the inmate is confined, or

where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Legal Standards

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[1] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *See also Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (same). "This standard is difficult to meet but 'stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'" *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *2 (N.D. Tex., May 3, 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 102).

With respect to questions of fact, the state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to questions of law, or mixed questions of law and fact adjudicated on the merits in state court, the petitioner must either demonstrate that the state court decision "was contrary to" clearly established Supreme Court precedent, or "involved an unreasonable application of" that precedent. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Pursuant to the "contrary to"

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

clause, district courts may only grant habeas relief if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). Pursuant to the "unreasonable application" clause, district courts may only grant relief: (1) when a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case[,]" or (2) when the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

### III. Discussion

Rincon's Petition and Amended Petition reference the possible existence of a memorandum of law in support of his request for § 2254 relief. Dkt. No. 1 at 6; Dkt. No. 5 at 5. However, Rincon has not filed a memorandum of law, or any other form of briefing, and his case has been pending since June 23, 2022. Because Rincon's Petition and Amended Petition do not identify *any* factual or legal grounds for attacking his 2019 Cameron County conviction or sentence, the Court issued an Order and Notice on August 25, 2022, which: (1) notified Rincon that he had failed to state a claim for relief; and (2) provided Rincon with an opportunity file an amended petition which stated a § 2254 claim. Dkt. No. 6 at 1. In relevant part, the Court's Order and Notice also provided as follows:

> **Rincon is NOTIFIED that his Petitions will be dismissed with prejudice on September 30, 2022, unless he files an amended 28 U.S.C.**

> **§ 2254 petition, <u>on or before September 29, 2022</u>, which identifies the facts in support of his claimed grounds for federal habeas relief.**
>
> **Rincon is further NOTIFIED that: (1) his right to federal habeas relief may be time-barred by the limitations period contained in 28 U.S.C. § 2254(d); and (2) his attempt to seek federal habeas relief under § 2254 may be premature if he has not exhausted his remedies before the Texas Court of Criminal Appeals. Accordingly, if Rincon wishes to proceed, he is ORDERED to file an amended petition, <u>on or before September 29, 2022</u>, that: (1) explains why the one-year statute of limitations contained in 28 U.S.C. § 2254(d) does not bar his amended petition; and (2) states whether he has exhausted his state remedies before the Texas Court of Criminal Appeals.**
>
> **Rincon is NOTIFIED that, if he fails to comply with this Order, his case can, and likely will, be scheduled for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b).** *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

*Id.* at 1-2 (emphasis in original).

Rincon received the Court's Order and Notice in early September. *See* Dkt. No. 8 at 1 (showing that the Order and Notice was signed for by prison officials at the Ney Unit in Hondo, Texas on or before September 6, 2022). The Texas Department of Criminal Justice's inmate locator system shows that Rincon's address has not changed since he filed his Amended Petition. *Compare* Dkt. No. 5 at 17 (listing Rincon's address as the Ney Unit in Hondo, Texas), *with* https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03909248 (last visited on October 3, 2022) (listing Rincon's address as the Ney Unit in Hondo, Texas). It is now October 3, 2022, and Rincon has failed to file an amended petition or otherwise comply with the Court's Order and Notice. Accordingly, because Rincon has not complied with the Court's Order and

Notice and has provided the Court with no facts in support of his request § 2254 for relief, it is recommended that the Court dismiss his petition without prejudice.[2]

## IV. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Rincon has not made a substantial showing of the denial of a constitutional right.

---

[2] The Court's Order and Notice warned Rincon that this case would be subject to dismissal with prejudice if he failed to comply with the Court's instructions. Dkt. No. 6 at 1-2. However, Rincon indicates that he may still be appealing the denial of his state habeas petition to the Texas Court of Criminal Appeals. *See* Dkt. No. 5 at 8 (vaguely stating that he "is just now filing to the higher courts"). It is, therefore, recommended that the Court dismiss this case without prejudice so as not to prematurely terminate any rights to seek § 2254 relief that Rincon may still have.

## V. Recommendation

For the reasons provided above, it is recommended that the Court: (1) **DISMISS** Rincon's Amended Petition without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) **DECLINE** to issue a certificate of appealability.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **3rd** day of **October, 2022,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge